THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY LINN BERKLEY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:22-CV-00883 |
| | : (JUDGE MARIANI) |
| | : (Chief Magistrate Judge Mehalchick)[1] |
| KILOLO KIJAKAZI, | : |
| Acting Commissioner | : |
| of Social Security | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Pending before the Court is Chief Magistrate Judge Karoline Mehalchick's Report and Recommendation ("R&R") (Doc. 14) pertaining to Plaintiff's Complaint against the Acting Commissioner of Social Security (Doc. 1). Chief Magistrate Judge Mehalchick recommends that the Commissioner's decision to deny Berkley's application for benefits be affirmed and final judgment be issued in favor of the Commissioner. (Doc. 14.) Plaintiff filed numerous objections to the R&R, all of which the Court finds to be without merit for the reasons explained below.[2] Therefore, the Court will overrule Plaintiff's objections and adopt the R&R (Doc. 14).

---

[1] Chief Magistrate Judge Mehalchick has since been elevated to the position of United States District Judge.

[2] Because Plaintiff's objections do not relate to the Background and Procedural History provided in the R&R (Doc. 14 at 1-3), the Court need not repeat that recitation.

When timely and specific objections are filed, the court reviews the matters to which objection has been made *de novo*. 28 U.S.C. § 636(b)(1)(C); *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984). The task of the reviewing Court is to determine whether "substantial evidence" supports the ALJ's decision—"the phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *T-Mobile South, LLC v. Roswell*, 574 U.S. 293, 301 (2015)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 2006) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir.1971) (internal citation omitted).

Plaintiff first disagrees with the R&R's determination that the ALJ properly evaluated the opinions of the SSA Consultative Examiner Ahmed Kneifati, M.D., and treating physician Grant Louie, M.D. (Doc. 15 at 2.) Though not precisely articulated, Plaintiff also disagrees with the R&R's conclusion that the ALJ did not err regarding the hypothetical question posed to the vocational expert. (*Id.* at 4.)

**A. Medical Opinion Assessment**

Plaintiff states that the R&R errs in concluding that the ALJ properly evaluated and considered the opinions offered by Dr. Kneifati and Dr. Louie. (Doc. 15 at 2.) Plaintiff proffers only three specific arguments in support of her objection. As to both doctors,

Plaintiff asserts that "the ALJ is not qualified to evaluate normal findings in the record to find the opinion unsupported, and thus the ALJ improperly substitutes his lay opinion for that of a medical professional." (*Id.* (citing *Northington v. Berryhill*, Civ. A. No. 17-2922, 2018 WL 2172565, at *3 (E.D. Pa. Feb. 27, 2018) (citing *Morales v. Apfel*, 225 F.3d 310, 317-18 (3d Cir. 2000))).) Plaintiff also contends that, because the opinions are supported by evidence of record, the R&R errs in concluding "that the ALJ properly weighed the supportability factor." (Doc. 15 at 3.) As to Dr. Louie, Plaintiff adds that the R&R errs in finding that the ALJ properly discounted Dr. Louie's opinion because he rendered it using a check-box form. (*Id.*)

Contrary to Plaintiff's assertions, the R&R sets out the relevant legal framework and appropriately assesses the ALJ's evaluation of the opinions of Dr. Kneifati and Dr. Louie. (Doc. 14 at 15-22.) As the R&R correctly notes,

> [a]n ALJ is not conducting a lay interpretation of the record when she cites to objective medical evidence and finds that it conflicts with a medical opinion. In fact, the regulations require the ALJ to compare a medical opinion with "the objective medical evidence and supporting explanations presented by a medical source . . ." 20 C.F.R. § 404.1520c(c)(1). And findings from a mental status exam is objective medical evidence. *Miller v. Comm'r of Soc. Sec.*, No. 20-cv-1088, 2022 WL 178590, at *19-20 (M.D. Pa. Jan. 18, 2022) (upholding ALJ's rejection of medical opinion evidence when mental state exams showed largely normal findings). Additionally, based on the undersigned's review of the record, the ALJ correctly pointed out that the medical opinions of Dr. Kneifati and Dr. Louie are inconsistent with their own physical examination findings, which the ALJ considered earlier in her opinion.

(Doc. 14 at 21.)

3

Plaintiff's assertion that the R&R wrongly concludes "that the ALJ properly weighed the supportability factor" (Doc. 15 at 3) is also without merit. The R&R provides an extensive analysis of the supportability and consistency of medical source opinions as required by relevant regulations and caselaw and assesses the ALJ's consideration of these issues. (*See* Doc. 14 at 13-20.) After reviewing the ALJ's evaluation of Plaintiff's subjective complaints, medical opinions, and prior administrative medical findings of record, Chief Magistrate Judge Mehalchick concludes that the ALJ "properly considered the medical evidence of record and the relevant factors of supportability and consistency, and she expressly articulates her findings on the supportability and consistency of the opinions" of Dr. Kneifati and Dr. Louie. (*Id.* at 19.) The Court finds no error in this determination.

As to Plaintiff's specific objection that the R&R incorrectly determines "that the ALJ properly discounted Dr. Louie's opinion because he rendered it using a check-box form" (Doc. 15 at 3), the Court finds the claimed error to be without merit. Although Plaintiff maintains that the ALJ erred because "Dr. Louie's form opinions do not stand in isolation" (Doc. 15 at 4), the R&R explains a valid reason to discount the evidentiary weight of the form opinions and no error can be assigned to that determination. (Doc. 14 at 20.)

## B. Hypothetical Questions

Plaintiff's last objection to the R&R is that the ALJ "made serious errors in ... proffering a hypothetical question to the vocational expert." (Doc. 15 at 4.) This objection is

without merit in that the R&R properly determines both that the ALJ was not required to include every limitation found by Dr. Kneifati and Dr. Louie and that the ALJ appropriately excluded from the hypothetical limitations that the ALJ determined to not be credibly established. (Doc. 14 at 23.) As set out above, the Court has found that the ALJ properly evaluated Dr. Kneifati and Dr. Louie's opinions for consistency and supportability. As such, because the ALJ properly found Dr. Kneifati's and Dr. Louie's opinions only partially persuasive, she was not required to insert unsupported or partially unsupported limitations into the hypothetical. *See Zirnsak,* 777 F.3d at 614-615. Therefore, the R&R correctly determines that the ALJ properly included only credibly established limitations in her hypothetical to the vocational expert.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's objections will be overruled and the R&R (Doc. 14) will be adopted. The Acting Commissioner's decision to deny Plaintiff's application for benefits will be affirmed, final judgment will be issued in favor of the Acting Commissioner, and the Clerk of Court will be directed to close the case. A separate Order will follow.

_____
Robert D. Mariani
United States District Judge